UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **U.S. Pastor Council**,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**City of Austin**; **Steve Adler**, in his official capacity as Mayor of the City of Austin; **Sareta Davis**, in her official capacity as Chair of the Austin Human Rights Commission,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-849 |

## COMPLAINT

The City of Austin's employment-discrimination ordinance prohibits employers from discriminating on account of "race, color, religion, sex, sexual orientation, gender identity, national origin, age, or disability." *See* Austin City Code § 5-3-4(A) (attached as Exhibit 1). But the ordinance provides no exemptions or accommodations for employers who hold religious objections to homosexuality or transgender behavior. It does not even exempt church hiring decisions from its prohibition on sex discrimination, nor does it exempt churches from the ban on discrimination on account of sexual orientation or gender identity. Every church in Austin that refuses to hire practicing homosexuals as clergy or church employees is violating city law and subject to civil penalties and liability.

The City of Austin's failure to exempt church hiring decisions from its anti-discrimination laws violates the U.S. Constitution, the Texas Constitution, and the Texas Religious Freedom Restoration Act. The plaintiffs seek a declaratory judgment to this effect, and they seek to enjoin city officials from enforcing this anti-discrimination

ordinance until the city enacts a religious exemption that accords with constitutional and state-law requirements.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff U.S. Pastor Council is a nonprofit corporation headquartered in Houston, Texas. The U.S. Pastor Council comprises approximately 1,000 member churches, including 25 in the city of Austin.

4. Defendant City of Austin is a legal government entity as defined in Texas Government Code § 554.001. It may be served with citation by serving Mayor Steve Adler through the City of Austin, Texas, Secretary Anna Russell, located at 900 Bagby Street, Houston, Texas, 77002.

5. Defendant Steve Adler is the mayor of the City of Austin. He resides in Travis County, Texas. He may be served at his office at City Hall, 301 West 2nd Street, 2nd Floor, Austin, Texas, 78701. He is sued in his official capacity as Mayor of the City of Austin.

6. Defendant Sareta Davis chairs the Austin Human Rights Commission. She may be served at City Hall, 301 West 2nd Street, Austin, Texas, 78701. She is sued in her official capacity.

## STANDING

7. The U.S. Pastor Council has associational standing to bring this lawsuit because: (a) its Austin member churches would have standing to sue in their own right; (b) the rights of religious freedom and church autonomy that it seeks to vindicate in

this lawsuit are germane to the organization's purpose; and (c) neither the claims asserted nor the relief demanded requires the individual member churches to participate in the lawsuit. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

8. The Austin-based member churches of the U.S. Pastor Council have standing to challenge anti-discrimination laws that regulate and restrict their freedom to hire. Any law that purports to regulate church hiring decisions inflicts injury in fact by restricting the church's autonomy, and an injunction that blocks the enforcement of the city's anti-discrimination laws will redress the injury caused by the city's failure to exempt churches from its anti-discrimination edicts.

## STATEMENT OF THE CLAIM

9. The Austin-based member churches of the U.S. Pastor Council believe that the Bible is the Word of God.

10. Because these member churches rely on the Bible rather than modern-day cultural fads for religious and moral guidance, they will not hire practicing homosexuals or transgendered people as clergy. *See, e.g.*, Romans 1:26–28; 1 Timothy 1:8–11; 1 Corinthians 6:9–11; Leviticus 18:22; Leviticus 20:13.

11. These member churches also require church employees to live according to the Bible's teachings on matters of sexuality and gender, so they will not consider practicing homosexuals or transgendered people for any type of church employment.

12. Many of these member churches also believe that the Bible forbids a woman to serve in the role of senior pastor. *See* 1 Timothy 2:12 (NIV) ("I do not permit a woman to teach or to assume authority over a man"). These churches will not consider or hire women for such a role.

13. Section 5-3-4(A) of the Austin City Code forbids employers to "discriminate against an individual with respect to compensation, terms, conditions, or privileges of

employment, based on the individual's race, color, religion, sex, sexual orientation, gender identity, national origin, age, or disability."

14. Section 5-3-15 provides some exemptions from 5-3-4's anti-discrimination rule, but none of them accommodate churches that oppose homosexuality, transgender behavior, or the ordination of women. The only religious accommodations appear in sections 5-3-15(B) and 5-3-15(C). Section 5-3-15(B) provides:

> It is not an unlawful employment practice for a school, college, university or other educational institution or institution of learning to hire and employ employees of a particular religion if:
>
> (1) the school, college or university or other educational institution or institution of learning is wholly or substantially owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society; or
>
> (2) the curriculum of the school, college, university, or other educational institution or institution of learning is directed toward the propagation of a particular religion.

And section 5-3-15(C) provides:

> It is not an unlawful employment practice for a religious corporation, association, educational institution, or society to hire and employ individuals of a particular religion to perform work connected with the activities of the corporation, association, educational institution, or society.

*See* Austin City Code § 5-3-15 (attached as Exhibit 1).

15. Neither of these two exemptions accommodates churches that refuse to hire women, practicing homosexuals, or transgendered people as clergy. Section 5-3-15(B) applies only to educational institutions, not churches. And section 5-3-15(C) creates an exception only to the ordinance's prohibition on *religious* discrimination. There are *no* exceptions to the ban on sex discrimination, and there are *no* exceptions to the ban on discrimination based on sexual orientation or gender identity. The ordinance allows a Catholic church to require its priests to be Catholic, but it forbids

the church to exclude Catholic women, Catholic homosexuals, or Catholic transgendered people from the priesthood.

16. The city of Austin's refusal to exempt church hiring decisions from its anti-discrimination laws violates the Free Exercise Clause. *See Hosanna-Tabor Evangelical Lutheran Church and Sch. v. Equal Employment Opportunity Commission*, 565 U.S. 171 (2012). If *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), requires a different outcome, then *Smith* should be overruled.

17. The city of Austin's refusal to exempt church hiring decisions from its anti-discrimination laws also violates article I, section 6 of the Texas Constitution (attached as Exhibit 2).

18. The city of Austin's refusal to exempt church hiring decisions from its anti-discrimination laws violates the Texas Religious Freedom Restoration Act. *See* Tex. Civ. Prac. & Rem. Code chapter 110 (attached as Exhibit 3).

19. The U.S. Pastor Council provided the notice required by section 110.006 of the Texas Civil Practice & Remedies Code more than 60 days before bringing suit. *See* Exhibits 4–7.

20. Because section 5-3-4(A) fails to provide the constitutionally mandated exemptions for churches and religious objectors, the ordinance is unconstitutional on its face and cannot be enforced in any capacity until it is amended to provide the required religious accommodations. *See Stenberg v. Carhart*, 530 U.S. 914, 930–38 (2000) (declaring an abortion regulation facially unconstitutional and enjoining its enforcement across the board because it lacked a constitutionally mandated exception for the health of the mother).

21. The court lacks authority to carve out an exception in the ordinance for churches and religious objectors because this would "substitute the judicial for the legislative department of the government." *Whole Woman's Health v. Hellerstedt*, 136

S. Ct. 2292, 2319 (2016) (citation and internal quotation marks omitted); *see also Reno v. ACLU*, 512 U.S. 844, 884–45 ("This Court will not rewrite a . . . law to conform it to constitutional requirements." (citations and internal quotation marks omitted)). The appropriate remedy is to enjoin the enforcement of section 5-3-4(A) in its entirety until it is amended to provide the constitutionally mandated accommodations for churches and religious objectors.

## CAUSES OF ACTION

22. The U.S. Pastor Council is suing under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the claims that it is asserting.

23. The U.S. Pastor Council is also suing under the Texas Constitution, the Texas Uniform Declaratory Judgment Act, and the Texas Religious Freedom Restoration Act, chapter 110 of the Texas Civil Practice & Remedies Code, and it invokes the supplemental jurisdiction of this court over these state-law claims. *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF

24. The U.S. Pastor Council respectfully requests that the court:

   a. declare that the member churches of the U.S. Pastor Council have a federal constitutional right to exclude practicing homosexuals and transgendered people as clergy and church employees in accordance with their sincere religious beliefs, notwithstanding any federal, state, or local anti-discrimination law to the contrary;

   b. declare that the member churches of the U.S. Pastor Council have a state constitutional right to exclude practicing homosexuals and transgendered people as clergy and church employees in accordance

    with their sincere religious beliefs, notwithstanding any state or local anti-discrimination law to the contrary;

  c.  declare that Texas Religious Freedom Restoration Act protects the right of the member churches of the U.S. Pastor Council to exclude practicing homosexuals and transgendered people as clergy and church employees in accordance with their sincere religious beliefs, notwithstanding any local anti-discrimination law to the contrary;

  d.  declare that the member churches of the U.S. Pastor Council have a federal constitutional right to hire only men as clergy in accordance with their sincere religious beliefs, notwithstanding any federal, state, or local anti-discrimination law to the contrary;

  e.  declare that the member churches of the U.S. Pastor Council have a state constitutional right to hire only men as clergy in accordance with their sincere religious beliefs, notwithstanding any state or local anti-discrimination law to the contrary;

  f.  declare that the Texas Religious Freedom Restoration Act protects the right of the member churches of the U.S. Pastor Council to hire only men as clergy in accordance with their sincere religious beliefs, notwithstanding any local anti-discrimination law to the contrary;

  g.  enjoin the defendants from enforcing section 5-3-4(A) of the Austin City Code in any circumstance until it is amended to exempt church hiring decisions;

  h.  in the alternative, enjoin the defendants from enforcing section 5-3-4(A) of the Austin City Code against church hiring decisions;

  i.  award costs and attorneys' fees under 42 U.S.C. § 1988 as well as state law; and

j.     award all other relief that the Court may deem just, proper, or equitable.

                                                          Respectfully submitted.

                                                          <u>/s/ Jonathan F. Mitchell</u>
                                                          Jonathan F. Mitchell
                                                          Mitchell Law PLLC
                                                          106 East Sixth Street, Suite 900
                                                          Austin, Texas 78701
                                                          (512) 686-3940 (phone)
                                                          (512) 686-3941 (fax)
                                                          jonathan@mitchell.law

Dated: October 6, 2018                           *Counsel for Plaintiff*